FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 27, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROSE N.,<br><br>                              Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                              Defendant. | NO. 2:22-CV-0218-TOR<br><br>ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF |

BEFORE THE COURT are the parties' briefs seeking judgment in this case. ECF Nos. 10, 21. These matters were submitted for consideration without oral argument. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, Plaintiff's request for remand, ECF No. 10, is DENIED and Defendant's request to affirm the ALJ, ECF No. 21, is GRANTED.

**JURISDICTION**

The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING
DEFENDANT'S BRIEF ~ 1

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited: The Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.*  An "error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* at

1   1115 (citation omitted).  The party appealing the ALJ's decision generally bears

2   the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396,

3   409–10 (2009).

4                    **FIVE STEP SEQUENTIAL EVALUATION PROCESS**

5           A claimant must satisfy two conditions to be considered "disabled" within

6   the meaning of the Social Security Act.  First, the claimant must be unable "to

7   engage in any substantial gainful activity by reason of any medically determinable

8   physical or mental impairment which can be expected to result in death or which

9   has lasted or can be expected to last for a continuous period of not less than 12

10  months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

11  impairment must be "of such severity that [he or she] is not only unable to do [his

12  or her] previous work[,] but cannot, considering [his or her] age, education, and

13  work experience, engage in any other kind of substantial gainful work which exists

14  in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

15          The Commissioner has established a five-step sequential analysis to

16  determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

17  404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).  At step one, the Commissioner

18  considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

19  416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

20

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING
DEFENDANT'S BRIEF ~ 3

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§
404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis
proceeds to step two.  At this step, the Commissioner considers the severity of the
claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the
claimant suffers from "any impairment or combination of impairments which
significantly limits [his or her] physical or mental ability to do basic work
activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c),
416.920(c).  If the claimant's impairment does not satisfy this severity threshold,
however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to
several impairments recognized by the Commissioner to be so severe as to
preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§
404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more
severe than one of the enumerated impairments, the Commissioner must find the
claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity
of the enumerated impairments, the Commissioner must pause to assess the
claimant's "residual functional capacity."  Residual functional capacity ("RFC"),
defined generally as the claimant's ability to perform physical and mental work

1  activities on a sustained basis despite his or her limitations (20 C.F.R. §§

2  404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the

3  analysis.

4      At step four, the Commissioner considers whether, in view of the claimant's

5  RFC, the claimant is capable of performing work that he or she has performed in

6  the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv),

7  416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the

8  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

9  404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the

10  analysis proceeds to step five.

11      At step five, the Commissioner considers whether, in view of the claimant's

12  RFC, the claimant is capable of performing other work in the national economy.

13  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

14  the Commissioner must also consider vocational factors such as the claimant's age,

15  education and work experience.  *Id.*  If the claimant is capable of adjusting to other

16  work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

17  404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

18  work, the analysis concludes with a finding that the claimant is disabled and is

19  therefore entitled to benefits.  *Id.*

20

1    The claimant bears the burden of proof at steps one through four above.

2    *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

3    step five, the burden shifts to the Commissioner to establish that (1) the claimant is

4    capable of performing other work; and (2) such work "exists in significant

5    numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2);

6    *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

7    **ALJ'S FINDINGS**

8    On July 9, 2019, Plaintiff filed an application for Title II disability insurance

9    benefits and Title XVI supplemental security income benefits, alleging an onset

10    date of October 1, 2018. Tr. 16. The applications were denied initially, and again

11    on reconsideration. *Id*. Plaintiff appeared at a telephonic hearing before an

12    administrative law judge ("ALJ") on August 11, 2021. *Id*. The ALJ denied

13    Plaintiff's claim on September 16, 2021. Tr. 32. On July 29, 2022, the Appeals

14    Council denied review, Tr. 1, making the ALJ's decision final for purposes of

15    judicial review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210.

16    The ALJ found Plaintiff meets the insured status requirements of the Social

17    Security Act through December 31, 2023. Tr. 18. At step one of the sequential

18    evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity

19    since October 1, 2018, the alleged onset date. *Id*. At step two, the ALJ found

20    Plaintiff had the following severe impairments: major depressive disorder, anxiety

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING
DEFENDANT'S BRIEF ~ 6

disorder, obesity, asthma, and right knee chondromalacia. *Id.* At step three, the

ALJ found Plaintiff did not have an impairment or combination of impairments

that meets or medically equals the severity of the listed impairments. Tr. 19. The

ALJ then found Plaintiff had the RFC to perform light work with the following

limitations:

> [Plaintiff] is limited to never crawling, and never climbing ladders, ropes or scaffolds. [Plaintiff] is further limited to occasional stooping. [Plaintiff] can less than occasionally (less than 5% of the workday) kneel, crouch, and climb stairs. [Plaintiff] must avoid unprotected heights and pulmonary irritants such as smoke and chemicals. [Plaintiff] can perform simple, routine tasks with a Specific Vocational Preparation of 2 or less. [Plaintiff] can perform work involving only occasional and simple changes that do not involve fast-paced type tasks. [Plaintiff] can perform work involving no interaction with the public and only occasional and superficial interaction with coworkers.

Tr. 21.

At step four, the ALJ found Plaintiff is unable to perform any past relevant

work. Tr. 30. At step five, the ALJ found, based on Plaintiff's age, education,

work experience, and RFC, there are other jobs that exist in significant numbers in

the national economy that Plaintiff can perform, such as silver wrapper,

advertising-material distributor, and marker. Tr. 31. The ALJ concluded Plaintiff

was not under a disability, as defined in the Social Security Act, from July 9, 2019

through September 16, 2021, the date of the ALJ's decision. *Id.*

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING
DEFENDANT'S BRIEF ~ 7

**ISSUES**

1. Whether the ALJ properly evaluated the medical opinion evidence;

2. Whether the ALJ erred in rejecting Plaintiff's subjective symptom testimony; and

3. Whether the ALJ properly conducted a step five analysis.

ECF No. 10 at 5.

**DISCUSSION**

**A.    Medical Opinion Evidence**

Plaintiff challenges the ALJ's evaluation of the medical opinions of Dr. Bridgette Anderson, PsyD, Dr. Kayleen Islam-Zwart, PhD, Dr. Dana Harmon, PhD, and Susan M. Welde, MS.  ECF No. 10–16.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. 20 C.F.R. §§ 404.1520c, 416.920c; *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).  The ALJ applied the new regulations because Plaintiff's claims were filed after March 27, 2017.

Under the new regulations, the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844-01, 5867–68.  Instead, an ALJ must consider and

evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  These factors are explained as follows:

(1) *Supportability.*  The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.*  The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

1    The ALJ may, but is not required to, explain how "the other most persuasive

2    factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. §§

3    404.1520c(b)(2); 416.920c(b)(2).  However, where two or more medical opinions

4    or prior administrative findings "about the same issue are both equally well-

5    supported . . . and consistent with the record . . . but are not exactly the same," the

6    ALJ is required to explain how "the most persuasive factors" were considered.  20

7    C.F.R. §§ 404.1520c(b)(2) 416.920c(b)(2).

8    These regulations displace the Ninth Circuit's standard that require an ALJ

9    to provide "specific and legitimate" reasons for rejecting an examining doctor's

10    opinion.  *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  As a result, the

11    ALJ's decision for discrediting any medical opinion "must simply be supported by

12    substantial evidence."  *Id.*

13    *1.  Dr. Andersen, PsyD.*

14    Plaintiff argues the ALJ erred by rejecting the medical opinion of Dr.

15    Andersen.  ECF No. 10 at 8.  Dr. Andersen opined that Plaintiff had the clear

16    ability to reason and understand but was mildly impaired when it came to

17    concentration and persistence.  Tr. 29.  Dr. Andersen further stated Plaintiff's

18    ability to maintain regular attendance in the workplace was markedly impaired and

19    her ability to complete a normal workweek or workday was likely moderately

20

impaired. *Id.* Her ability to cope with the usual stress of a workplace was also markedly impaired if it involved being around other individuals. *Id.*

The ALJ found the opinion generally persuasive, contrary to Plaintiff's contention that the opinion was rejected outright. Tr. 29. The ALJ also found the opinion was supported by Dr. Andersen's own exam record and generally consistent with the other medical evidence. *Id.* However, the ALJ found the opinion regarding marked attendance unsupported by any evidence. *Id.* Plaintiff takes issue with this finding but fails to provide any evidence to dispute the ALJ's conclusion. Plaintiff's own interpretation of the record cannot overturn the ALJ's conclusions. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). In any event the ALJ accounted for Plaintiff's tendency to isolate in her RFC by finding Plaintiff could not have any interactions with the public and only limited interactions with coworkers. Tr. 21.

The ALJ provided substantial evidence in finding Dr. Andersen's opinion regarding Plaintiff's work attendance unsupported by the record.

2. *Dr. Islam-Zwart, PhD.*

Plaintiff challenges the ALJ's conclusion that Dr. Islam-Zwart's opinion was unpersuasive. ECF No. 10 at 11. Dr. Islam-Zwart opined that Plaintiff was

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING
DEFENDANT'S BRIEF ~ 11

severely limited in her ability to perform activities within a schedule, maintain

regular attendance, be punctual, and complete a normal workday and workweek

without interruptions from psychologically based symptoms. Tr. 27. Dr. Islam-

Zwart further opined that Plaintiff had marked limitations in her ability to adapt to

changes in a routine work setting, communicate and perform effectively in a work

setting, and maintain appropriate behavior. *Id*. Finally, Dr. Islam-Zwart stated

Plaintiff was moderately limited in her ability to learn new tasks, perform routine

tasks without special supervision, be aware of normal hazards, ask simple

questions and request assistance, set goals, and plan independently. *Id*. Dr. Islam-

Zwart concluded that Plaintiff would struggle to work in a regular and sustained

manner. *Id*.

The ALJ found the opinion unpersuasive because it was inconsistent with

the other medical evidence. *Id*. The ALJ cited numerous medical records to

support his conclusion. Tr. 27–28 (citations to the record omitted). The ALJ

concluded the medical evidence did not support Dr. Islam-Zwart's "extreme and

numerous limitations." Tr. 28. Plaintiff alleges the ALJ "cherry-picked" medical

records and failed to provide context or an explanation as to how the records were

inconsistent with Dr. Islam-Zwart's opinion. ECF No. 10 at 12. Again, Plaintiff's

own interpretation of the evidence cannot overturn the ALJ's rational and well-

1  supported conclusions.  The Court finds the ALJ cited to substantial evidence in

2  rejecting Dr. Islam-Zwart's opinion.

3      *3.  Dr. Harmon, PhD.*

4      Plaintiff contends the ALJ committed harmful legal error by failing to

5  address Dr. Harmon's opinion.  ECF No. 10 at 14.  Defendant acknowledges the

6  ALJ did not consider Dr. Harmon's opinion but asserts no error occurred because

7  Dr. Harmon's opinion was identical to Dr. Islam-Zwart's report.  ECF No. 21 at

8  14.  "An error is harmless if it is inconsequential to the ultimate nondisability

9  determination." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099

10 (9th Cir. 2014) (internal quotation marks and citation omitted).  Dr. Harmon

11 reviewed Dr. Islam-Zwart's report and assessed identical limitations.  *See* Tr. 584,

12 592, 595.  Thus, the ALJ's consideration of Dr. Harmon's report would not have

13 affected the ultimate determination of nondisability.  The Court concludes the ALJ

14 did not commit harmful legal error in failing to address Dr. Harmon's opinion.

15     *4.  Ms. Welde, MS*

16     Plaintiff argues the ALJ improperly rejected the opinion of Ms. Welde.  ECF

17 No. 10 at 15.  Ms. Welde opined that Plaintiff was severely limited in her ability to

18 maintain concentration and attention for extended periods of time, work in

19 proximity to others without distraction, make work-related decisions, interact

20 appropriately with the general public, ask simple questions or request assistance,

and to accept instructions and criticisms from supervisors.  Tr. 28.  She opined

Plaintiff had marked limitations in areas related to Plaintiff's ability to complete a

normal workday and workweek, and moderate limitations in her ability to

understand, remember, and carryout short, simple instructions, perform activities

on a schedule, maintain regular and punctual attendance, maintain socially

appropriate behavior and hygiene.  *Id*.

The ALJ found Ms. Welde's opinion unpersuasive because it was a check

box form that was unsupported.  *Id*.  The ALJ also found the form inconsistent

with the remainder of the medical record.  *Id*.  To support his conclusion, the ALJ

cited to other medical records that indicated Plaintiff was consistently alert and

oriented, presented with a neutral mood, had intact and normal memory and

concentration, and demonstrated clear and coherent speech.  *Id*. (citations to the

record omitted).  An ALJ may properly reject a check box form that lacks an

explanation of the bases for their conclusions.  *Molina*, 674 F.3d at 1111.

Accordingly, the Court finds the ALJ's conclusion that Ms. Welde's check box

form was unsupported and inconsistent was supported by substantial evidence.

## B.    Plaintiff's Symptom Testimony

Plaintiff first contends the ALJ did not rely on clear and convincing reasons

in rejecting Plaintiff's subjective complaints.  ECF No. 10 at 16.

An ALJ engages in a two-step analysis to determine whether a claimant's

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING
DEFENDANT'S BRIEF ~ 14

1    subjective symptom testimony can be reasonably accepted as consistent with the

2    objective medical and other evidence in the claimant's record.  Social Security

3    Ruling ("SSR") 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine

4    whether there is 'objective medical evidence of an underlying impairment which

5    could reasonably be expected to produce the pain or other symptoms alleged.'"

6    *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.

7    2009)).  "The claimant is not required to show that her impairment 'could

8    reasonably be expected to cause the severity of the symptom she has alleged; she

9    need only show that it could reasonably have caused some degree of the

10    symptom.'"  *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d

11    1028, 1035–36 (9th Cir. 2007)).

12        Second, "[i]f the claimant meets the first test and there is no evidence of

13    malingering, the ALJ can only reject the claimant's testimony about the severity of

14    the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

15    rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

16    omitted).  General findings are insufficient; rather, the ALJ must identify what

17    symptom claims are being discounted and what evidence undermines these claims.

18    *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v.*

19    *Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

20    explain why he or she discounted claimant's symptom claims).  "The clear and

convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. When evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the following factors should be considered: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. *Id*. at *7–8; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Here, the ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms. Tr. 22. However, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the other evidence in the record. *Id*.

The ALJ first considered the objective medical evidence. *Id.* As to Plaintiff's claimed physical limitations due to knee pain, the ALJ noted Plaintiff ambulated normally and exhibited good range of motion in July 2019. *Id.* Although Plaintiff continued to report knee pain, after several sessions of physical therapy in 2019, Plaintiff began to report improvements and was ultimately discharged from physical therapy in November 2019. *Id.* (citations to the record omitted). In January 2020, Plaintiff underwent arthroscopic surgery of her right knee, which revealed no tears but did note arthritis and synovitis within the joint. *Id.* Thereafter, Plaintiff reported pain and demonstrated reduced range of motion and strength. *Id.* She also required the assistance of a cane for ambulation. *Id.* However, by the end of January, Plaintiff reported walking without her assistive device for short durations. Tr. 24. Physical therapy notes from February 2020 indicated Plaintiff was making good progress and had a full active range of motion, although she did still exhibit limited muscle strength. *Id.* In March 2020, an orthopedist indicated Plaintiff had arthritis and an BMI of 43 and advised her to continue with conservative treatment, including weight loss, use of a shoe wedge and assistive walking device, physical therapy, and continued use of Tylenol and an NSAID. *Id.*

As to Plaintiff's complaints of asthma, a November 2020 CT scan revealed an upper lobe nodule. *Id.* The treatment notes indicated Plaintiff was a 50 pack-

year smoker.  *Id*.  In April 2021, a treatment note indicated significant improvement in Plaintiff's asthma after beginning Symbicort.  *Id*.

Regarding Plaintiff's psychological symptoms, although she reported a history of suicidal ideation and a hospitalization at age 16, treatment records indicated her thought process was normal and goal directed, she was oriented to person, place, and time, presented intact memory, had an adequate fund of knowledge, normal concentration, and fair insight and judgment.  Tr. 25.  In May 2020, Plaintiff's PHQ-2 score was zero, indicating no depression.  *Id*. Additionally, in a video visit in April 2021, Plaintiff advised that she wanted to use a workbook to focus on improving self-esteem and self-worth.  *Id*.  Although Plaintiff reported daily panic attacks, difficulty maintaining personal hygiene and housekeeping, and no motivation to cook or do laundry, clinical notes from May 2021 revealed Plaintiff's mental status and fund of information were within normal limits.  Tr. 26.  The ALJ acknowledged Plaintiff's diagnosis of major depressive disorder, panic disorder, PTSD, anxiety disorder, and unspecified neurodevelopmental disorder.  *Id*.

The ALJ concluded the objective medical evidence indicated Plaintiff was able to reclaim her range of motion and stability in her knee, and weight loss led to improvements with Plaintiff's asthma.  *Id*.  The objective psychological evidence revealed mostly unremarkable exams with full orientation, intact memory,

sustained attention and concentration, and fair insight and judgment. *Id*. Thus, the ALJ concluded the medical evidence supported a finding that plaintiff was able to engage in light levels of exertion and simple, routine tasks with a Specific Vocational Preparation of 2 or less. Tr. 24, 26. While objective medical evidence is a relevant factor in determining the severity of a claimant's symptoms and their disabling effects, an ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2). Here, the ALJ considered additional factors in rejecting Plaintiff's subjective symptom testimony.

The ALJ briefly considered Plaintiff's ability to engage in daily activities. Tr. 23. In November 2019, Plaintiff indicated her body was working "pretty well" and did not have complaints of chronic pain. *Id*. However, Plaintiff indicated she was struggling with depression and anxiety, which made it difficult for her to get up in the daytime. *Id*. Nonetheless, Plaintiff reported cleaning house and walking her dogs. *Id*. In May 2020, Plaintiff reported walking every day. Tr. 24. In April 2021, Plaintiff reported she had plans to clean her car and had spent time with her son and two grandchildren, which positively impacted her mood. Tr. 25.

The ALJ next considered medication and other treatments Plaintiff undertook for her claimed disabilities. Plaintiff's physical limitations improved

with physical therapy, use of Tylenol and NSAIDs, and a single surgical procedure.  Tr. 22–24.  Plaintiff's asthma improved with continued use of an inhaler and the addition of Symbicort.  Tr. 24.  Weight loss also contributed to Plaintiff's improved physical condition.  *Id.*

Plaintiff takes issue with the ALJ's rejection of her subjective symptom testimony on the grounds that Plaintiff's mental health never demonstrated sustained improvement and her knee pain continued to cause physical limitations. ECF No. 10 at 16.  However, the ALJ considered Plaintiff's ongoing limitations and accounted for them in the RFC.  For example, the ALJ limited Plaintiff to less than 5% of the day spent kneeling, crouching, and climbing stairs; restricted Plaintiff from being exposed to pulmonary irritants; limited Plaintiff to simple, routine tasks with a Specific Vocational Preparation of 2 or less; and indicated Plaintiff could not interact with the public and should only have limited interaction with coworkers.  Tr. 21.  The Court finds the ALJ provided specific and convincing reasons, supported by substantial evidence, for rejection Plaintiff's symptom testimony.

### C.    Step Five

Plaintiff contends the ALJ erred by failing to conduct an adequate analysis at step five.  ECF No. 10 at 20.  Specifically, Plaintiff asserts the ALJ provided the vocational expert an incomplete hypothetical.  *Id*.  Plaintiff's challenge is

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 20

essentially a restatement that the ALJ should have credited her symptom testimony and the medical opinion evidence, which the ALJ properly discounted as discussed *supra*. The Court finds the ALJ did not err.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Brief (effectively a motion for summary judgment), ECF No. 10, is **DENIED.**

2. Defendant's Brief (effectively a motion for summary judgment), ECF No. 21, is **GRANTED**.

The District Court Executive is directed to enter this Order and Judgment for Defendant accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED July 27, 2023.



THOMAS O. RICE
United States District Judge